IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HELEN LOUISE WHITE,                )
                                   )
                Plaintiff,         )
                                   )
        v.                         )
                                   )    Civil Action No. 12-1436
CAROLYN W. COLVIN,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
                Defendant.         )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 25<u>th</u> day of February, 2014, upon consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying her applications for
disability insurance benefits ("DIB") and supplemental security
income ("SSI") under Titles II and XVI, respectively, of the
Social Security Act, IT IS ORDERED that the Commissioner's motion
for summary judgment (Document No. 13) be, and the same hereby is,
granted and plaintiff's motion for summary judgment (Document No.
9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Where the ALJ's findings of fact are supported by
substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on June 25, 2009, alleging disability beginning on February 1, 2008, due to depression, anxiety, panic attacks and leg problems. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on December 22, 2010. On January 14, 2011, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 15, 2012, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 49 years old on her alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing

AO 72
(Rev. 8/82)

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of major depressive disorder, generalized anxiety disorder, degenerative joint disease, plantar fasciitis, shin splints/tendinitis and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work, with a sit/stand option every 30 minutes and a number of additional limitations. Plaintiff is limited to performing work that involves simple, routine and repetitive tasks. She also is limited to low stress work, which involves occasional, simple decision making and occasional changes in the work setting. Finally, plaintiff is restricted to work that involves only occasional interaction with co-workers, supervisors and the public (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable her to perform work that exists in significant numbers in the national economy, such as a document preparer, bench assembler or hand packer. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

AO 72
(Rev. 8/82)

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity.[1]   20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

_____

[1]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

In this case, plaintiff argues that the ALJ erred at step 5 because: (1) he did not properly evaluate the opinion of her treating psychiatrist; and (2) the RFC Finding did not account for her problems with concentration and task persistence. The court finds that these arguments lack merit.

Plaintiff first argues that the ALJ did not properly evaluate the opinion of Dr. Polina Vassilieva, who was her treating psychiatrist. Dr. Vassilieva completed a form report which provided an assessment of plaintiff's ability to perform various work-related mental activities. (R. 447-48). Dr. Vassilieva was asked to rate plaintiff's ability to function as "unlimited," "good," "fair," "poor" or "none". (R. 447). Relevant here, "good" is defined as "ability to function in this area is more than satisfactory," "fair" is defined as "ability to function in this area is limited but satisfactory," and "poor" is defined as "ability to function in this area is seriously limited but not precluded." (R. 447).

Dr. Vassilieva determined that plaintiff had "good" ability to maintain personal appearance and behave in an emotionally stable manner, she had "fair" ability to relate predicably in social situations and demonstrate reliability, and she had "fair" ability to understand, remember and carry out both complex and simple job instructions. (R. 448). Dr. Vassilieva also found that plaintiff had "fair" ability to follow work rules, relate to co-workers, use judgment, function independently and maintain attention and concentration. (R. 447). Finally, Dr. Vassilieva

AO 72
(Rev. 8/82)

rated plaintiff as having "poor" ability to deal with the public, interact with supervisors and deal with work stress. (R. 447).

The ALJ determined that Dr. Vassilieva's assessment was entitled to significant weight, noting that it supported an overall moderate degree of psychological symptoms. (R. 33). Nonetheless, plaintiff contends that the ALJ mischaracterized Dr. Vassilieva's assessment, claiming that the rating of "poor" in three areas "should be interpreted to mean that the task cannot be performed satisfactorily, as . . . the form reflects that the individual is seriously limited in performing that particular function." See plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 10), at 15.

Plaintiff relies upon a different meaning of "poor" than the definition set forth on the form, which states that one's ability to function in a particular area is seriously limited *but not precluded*. (R. 447). Thus, Dr. Vassilieva's assessment that plaintiff had a poor ability to function in the areas of dealing with the public, interacting with supervisors and dealing with work stress means that her abilities in those areas, though seriously limited, were not entirely precluded. Moreover, the ALJ fully accounted for plaintiff's limitations in those areas by including in the RFC Finding a restriction to low stress work and to work that involves only occasional interaction with co-workers, supervisors and the public. For these reasons, the court finds that the ALJ did not mischaracterize Dr. Vassilieva's opinion as plaintiff contends, but rather properly considered the doctor's

assessment of plaintiff's ability to perform various mental work
related tasks and incorporated it into the RFC Finding.

Although plaintiff also contends that the ALJ failed to
discuss Dr. Vassilieva's answer of "no" in response to a question
asking if plaintiff could complete a normal work day and work
week, (R. 449), the court finds no error in the ALJ's
consideration of the doctor's opinion. Dr. Vassilieva's opinion
that plaintiff could not work a normal work day and week is
contradicted by the fact that the doctor assessed plaintiff's GAF
score at 55, which indicates only moderate symptoms.[2] In addition,
the assertion that plaintiff could not work a normal day and week
is further contradicted by Dr. Vassilieva's conclusion that
plaintiff had a "good" or a "fair" ability to perform the majority
of the mental work-related activities discussed above.

In sum, the ALJ's decision makes clear that he thoroughly
considered Dr. Vassilieva's opinion, he gave that opinion
significant weight, (R. 32, 33), and he relied upon it in
fashioning the RFC Finding. The court finds no error in the ALJ's
evaluation and weighing of Dr. Vassilieva's opinion.

Plaintiff next argues that the ALJ's decision is not

---

[2]The GAF scale is used by mental health clinicians to rate an
individual's social, occupational and psychological functioning. The
GAF scale considers those areas of functioning on a hypothetical
continuum of mental health to illness. The highest possible score is
100 and the lowest is 1. A score between 51-60 indicates that one has
moderate symptoms (e.g., flat affect and circumlocutory speech,
occasional panic attacks) or moderate difficulty in social, occupational
or school functioning (e.g., few friends, conflicts with peers or
co-workers). Diagnostic and Statistical Manual of Mental Disorders (4th
Ed. 2000).

AO 72
(Rev. 8/82)

supported by substantial evidence because the RFC Finding failed to adequately account for her problems with concentration and task persistence. Contrary to plaintiff's position, the ALJ accounted for any problems plaintiff had in these areas by limiting her to work that involves simple, routine and repetitive tasks, as well as low stress work, which involves occasional, simple decision making.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc:   Stanley E. Hilton, Esq.
      801 Jonnet Building
      Monroeville, PA 15146

      Colin Callahan
      Assistant U.S. Attorney
      700 Grant Street
      Suite 4000
      Pittsburgh, PA 15219

AO 72
(Rev. 8/82)